May it please the Court, Kara Hartzler, Federal Defenders, on behalf of Mr. Perry. There is only one issue this Court needs to decide in this case, and that is whether Mr. Perry's 2001 convictions are predicate offenses under the modified categorical approach. If the Court agrees with us that they aren't, then Mr. Perry is not a career offender and the case is over. This issue of whether these are predicate offenses is squarely controlled by three recent cases from this Court. All of which held that there must be an unambiguous link between the charging document and the judgment in order to rely on allegations in the charging document. I think, counsel, it's going to depend on what we view as unequivocal. With respect to count 14, as charged initially, it charged the felony crime of possession with intent to deliver heroin, a Schedule I controlled substance, in violation of a particular Pennsylvania law. As modified, the word heroin is circled by hand and that in the plea agreement, the possession with intent to deliver was amended to become actual delivery. So, I'm not sure what's equivocal about that. It appears that it's simply a lesser included offense and if he possessed with intent to deliver and intended to deliver it when he actually delivered it, there's nothing inconsistent there. I don't understand how it suddenly becomes a different substance or something other than a felony. Several reasons for that. First of all, possession with intent actually has different elements than deliver. For instance, you can deliver without actually having possession. So, it's not in fact a lesser included offense. It's an entirely different offense. So, one of the other issues that I would bring to the Court's attention is that I don't understand how, so actual delivery of heroin would qualify, correct? If it had started out initially to say delivery of heroin, a Schedule I controlled substance, felony, which is what it ultimately said, would that be a match for the? Well, we've lost. Don't answer yet. Here's your time to think. Okay. Don't. All right, we have you back and there's a question. I'm back, thanks. The question has not been answered yet, which is if the original complaint or information had said delivery of heroin, would that suffice? No. Because? First of all, the judgment document says no. Now, you're escaping my question. The question is, is delivery of heroin in violation of Pennsylvania law, if that's all that were in the case and the inward amendment never appeared anywhere, is that sufficient as a predicate offense for the career criminal? Delivery itself, yes, would be. Okay. So the real question is, what is the importance of this amendment, where it's clear from the face of the judgment that count 14 is the crucial count for which the sentence is imposed? I mean, let's say the amendment didn't have the circle. Then I think there's case law that would support your position. We don't know what the amendment is, so it wouldn't satisfy the modified categorical approach. But here we have what purports to be, if, you know, if people have been a trial judge, they don't let other people color, you know, on their judgments. And so the court clerk appeared to have circled delivery and heroin. We don't know what the circle meant. First of all, what I would point out is, delivery is actually not amending the substance of the count. It appears to be amending the caption, not anything within the count. Second of all, the fact that the word heroin is circled, that could mean it changed or it doesn't change. But why doesn't it mean that he pled to delivery of heroin? Let me point out another issue that I have. Well, why doesn't it mean that? Don't give me another. If the clerk doing that is considered to be documents that we can consider, we know we can look at that. But if the clerk circling delivery and circling heroin, why isn't that what he pled guilty to? Because we don't know what circling means. Circling could just as easily mean he's pleading to something different. So circling heroin with no other mention of any other drug on count 14, you think could be cocaine? I mean, that sort of stretches the imagination, at least for me. Well, I think, first of all, we don't know who did the circling. First of all, we don't know, next of all, we don't know what the circling meant. Did it mean that this was correct? Well, generally court records, I think that there's something that goes with, you know, there could be an instance where you could prove that someone gave it to, gave the docket to someone at counsel table and said, here's your crayons and do whatever you want. But as a practical matter, these dockets and how they're handled, you know, judges don't let other people touch them. Clerks don't. I mean, if you've ever tried to get at a clerk's document, you'd be lucky to be alive. I mean, they're scary people. If I could. For yourself. I mean, I was afraid of my courtroom clerks, you know, that's the, yeah. If the court doesn't agree with me on this, if I could bring up another one or two reasons that we think the documents are ambiguous. First of all, if you look at counts 16 and 18, the person, Mr. Perry, was actually charged with delivery of a controlled substance, the exact same drug, heroin, the exact same place, the exact same time period. Now, if Mr. Perry intended to plead to heroin, delivery of heroin, why didn't he just plead to count 16? There had to be a reason. We don't know why. And that goes to the issue of the fact that these documents. It isn't the only thing that matters, what count 14 means, because the judgment makes it clear that the sentence of three and a half to seven, is for count 14, and that that's all that is left. If I could point out one other reason. I'm sorry, I didn't want to cut off. Well, is it, are you contesting that it's unclear as to which count he received the sentence for? No, I'm just saying, if he meant to plead to delivery of heroin, why didn't he just plead to count 16? There's no good answer. That's where the ambiguity comes from. Another place that I think the ambiguity comes from is the fact that if you actually look at, assume that only the delivery, only delivery was substituted in the caption, the allegation, possessed with intent to deliver a concealed substance, that's not legally sufficient to support a conviction for delivery. The elements are different. So in other words, what would be said is, well, we can swap out some of the facts in the count, but not others. And it's an all or nothing proposition. You don't just say, well, we think that this part was amended, this part wasn't, and we think that because this was circled. It's just simply too much ambiguity. And the court has been very clear in the last six months that when there is this ambiguity, that it's not good enough. And I think that that's clear, for instance, in the case of Medina Lara, where we would argue that there was actually less ambiguity than there is here. That was a count where it was 3 and then 3A. Well, you could say, well, what's the difference of that? We just think it's the same thing. What was the sentencing range for it? You said it was count 16? Yes. What's the sentencing range for that? My understanding is it's the same. So essentially what we're saying is there's just too many things going on here. We don't know who made the notations. We don't know what the circling meant. We don't know why he didn't just plead to count 16. We can't just say, well, we're going to swap out certain facts in the count and not others. There's just too much ambiguity. And I think if the Court has no further questions right now, I'll save the remainder of my time. You may do that. I have no questions now. You have no questions? I have no questions now. Thank you. Good morning, Your Honors. May it please the Court. Matthew Sutton on behalf of the United States. Turning directly to the application of a modified categorical approach in this case, I believe we have demonstrated under Medina Law that clear and convincing link. And I think what the Court needs to start with is starting with the judgment, starting on page 101 of the excerpt of record. At every point in this judgment, you see that the defendant has pled guilty to count 14. Count 14 is annotated at the top of the page on 101 as deliberate. Turning to page 102 in the excerpt of record, you see exactly what happened in front of that judge back in August 16th of 2001. You can see starting on the right hand of that page, the Assistant Attorney General there, Margaret Rose, made a motion to amend the information to the reflected count 14, 15, 16, and 18. You see very clearly under count 14 that is an amended to delivery of a controlled substance. That's exactly the count that Mr. Perry pled guilty to, and you see on the left hand side of the page of 101. Counsel, let me just say a couple of things and then ask a question about it. This whole proceeding is not a model of clarity what happened to the various counts in terms of actually trying to figure out what everything that's handwritten means, with the tens and the ten thousands and all kinds of mysterious things added there. But about counsel's question, if we really were going to do this, why not just plead guilty to count 16 without amending it? And so by amending 14, it necessarily suggests that something different was intended. I would disagree that that is what can control this court's decision in the application of the modified categorical approach here. I think that requires two fine of a line to be drawn in supervision of how state prosecutors choose to dispose of their case. Now, I'm not an expert in Pennsylvania law. I'm not familiar with how these counts are negotiated. But I think when you take a step back, what the purpose of the modified categorical approach is, is not to set up an unwieldy standard or a perfect, you know, threshold for these state court decisions. But I think it's a flexible standard that can look at the 50 different state jurisdictions we have here, the hundreds of local jurisdictions, and take into account and going based on what they have chosen to do, as long as there's clarity in the documents, as long as there's a clarity between the information, the charging document, and the abstract. I don't know if this court should take the position that it needs to supervise how, you know, a Pennsylvania assistant attorney general is counting down. It's not a matter of supervision. It's really a matter of whether a semi-logical way to deal with this suggests an ambiguity. It's not who's right or wrong or how they should do it. It's given what they did do, what do we make of it? Absolutely. And let me turn to what they did do. I think, you know, counsel made an important concession that either delivery of heroin, as the amended count reflects, is properly a predicate for career offender status in this case. I would also submit to the court that possession with intent to deliver heroin.  That statute, as well, if the conviction was under that statute, would also classify as a predicate that's under career offender status. So I think I struggle to see the reason for the ambiguity that counsel points to. Certainly, as your traitor noted, it's not. Could he have gotten less under 14 than under 16? I don't know that answer, Your Honor. I can certainly supplement the record with a letter brief at the conclusion of this argument. I don't have that, unfortunately, at my fingertips. But, again, going back to, you know, what was the focus of the Medina Law? The focus of the Medina Law is not to say if there's any ambiguity, but the fact that we couldn't demonstrate, in that case, a clear and convincing link between the two documents. In this case, I believe you're exotic. Also, having a doubt as to which count, as the count of conviction is different, because here there's no question that it's count 14. It's just what is count 14 for? Exactly. And I think, as Judge Callahan noted, that the presumption that some random person just circled heroin, that that doesn't have any specific meaning, I think, really defies credibility in terms of how state courts operate and how these documents are produced. I think the logical conclusion that should flow from the circling of heroin, that it reinforces that the amended count just changed from possession with intent to deliver to delivery. Heroin remains same. Again, you know, reemphasizing that the heroin is an element of the drug type under the statute, and that's sufficient because the problem with the divisibility argument under my friend's argument here is that this statute is overbroad as to drug type, right? Pennsylvania criminalizes three additional substances that are not on the Federal Controlled Substances Act. In any of the counts here reflected in the information, there are only two controlled substances, cocaine and heroin. Both of those are clearly penalized by the Federal Controlled Substances Act. So if the, you know, the concern with the divisibility is about the drug type, the circling of heroin then in Count 14, I think, provides that necessary link with the judgment that reflects the plea to an amended count. And I would be prepared to submit on that and on our briefing that this statute is divisible. This Court should adopt the reasoning of the Third Circuit in the United States v. Abbott, unless the Court has any specific further questions for me. I don't believe so. No questions here. Thank you, Adam. I just want to remind the Court what's at stake here, because I think we can get a little lost sometimes in the intellectualism of the categorical and the modified categorical approach. We're talking about whether my client is going to spend an extra eight years in prison. Now, that, you know, you may say, well, the sentencing enhancement should or should not apply. But at a minimum, what I think the Court needs to do is construe the question of whether documents are ambiguous and err on the side of a person who's looking at that much more time. Because what the opposing counsel is saying here is, well, just because they circled it, we know that that must be the same drug. I don't agree. I don't agree that circling necessarily means that that is, that that didn't necessarily transfer over to the amended count. I think we also look at the fact that in Juarez-Alvarado, this Court said that when you use the word amended, that that creates questions as to whether there is ambiguity. I think you also look at the Court's recent decision in De La Torre, where it did a very good job of saying, we're going to say that Vidal applies in this situation and not this situation. And what we're saying here is that Mr. Carey's case falls squarely on the ambiguous side of that rule. We're saying that because it was amended, because we don't know what the notations mean, because we don't know why, if they intended for him to plead to heroin, he didn't just plead to count 16, because the factual allegations in count 14, because it says possession of intent to deliver, actually don't legally support the conviction for delivery. You just can't, there's just not enough there to say, Mr. Carey, yes, you should spend an extra eight years in prison, because we think probably that's better. And if the Court has no further questions, I'll close the meeting. Thank you, Counsel. The case just argued is submitted. And once again, you've given very helpful arguments. We appreciate both of them.
judges: Graber, Gould, Callahan